IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| MMA CAPITAL HOLDINGS, INC., MICHAEL FALCONE, FREDERICK PUDDESTER, JAMES PRESTON GRANT, CECIL E. FLAMER, CHRIS HUNT, LISA KAY, and SUZANNE G. KUCERA, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On May 24, 2021, MMA Capital Holdings, Inc. ("MMA" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by FP Acquisition Parent, LLC ("Parent") and FP Acquisition Merger Sub, LLC ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, MMA's stockholders will receive $27.77 in cash per share.

3. On July 13, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8.  Plaintiff is and has been continuously throughout all relevant times the owner of MMA common stock.

9.  Defendant MMA is a Delaware corporation.  MMA's common stock is traded on the NASDAQ under the ticker symbol "MMAC."

10.  Defendant Michael Falcone is Chairman of the Board of Directors of MMA (the "Board").

11.  Defendant Frederick Puddester is a member of the Board.

12.  Defendant James Preston Grant is a member of the Board.

13.  Defendant Cecil E. Flamer a member of the Board.

14.  Defendant Chris Hunt is a member of the Board.

15.  Defendant Lisa Kay is a member of the Board.

16.  Defendant Suzanne G. Kucera is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18. MMA focuses on infrastructure-related investments that generate positive environmental and social impacts.

19. On May 24, 2021, MMA entered into the Merger Agreement, under which MMA's stockholders will receive $27.77 in cash per share.

20. The press release announcing the Proposed Merger provides as follows:

MMA Capital Holdings, Inc. (Nasdaq: MMAC) ("MMA" or the "Company"), an infrastructure finance company focused on providing debt financing for renewable energy projects, today announced that it has entered into a definitive merger agreement with an affiliate of Fundamental Advisors LP (together "Fundamental"), under which it will be acquired by Fundamental in an all-cash transaction valued at approximately $161.7 million (the "Merger Agreement").

Under the terms of the Merger Agreement, holders of MMA's common stock will upon the closing of the merger receive $27.77 per share in cash. This represents a 35% premium over the 90-day volume-weighted average share price ending May 21, 2021 and a 62% premium over the May 21, 2021 closing share price.

J.P. Grant, Chair of the Transaction Committee, commented: "Together, MMA and Fundamental have enjoyed considerable success providing development and construction financing for solar energy generating facilities. In order to grow to its full potential, the business needs more capital than we have been able to provide. Following a diligent review of our options, the Board has determined that Fundamental, which has been a great partner in our efforts to date, has the capital access the business needs and we are extremely pleased that they are making the decision to acquire and grow the business, while at the same time enabling us to meet the goal of maximizing value for our stockholders by obtaining a significant premium to our recent trading price. "

"Since 2015, Fundamental has had a strong partnership with MMA in renewable energy finance," added Laurence Gottlieb, Chairman and CEO of Fundamental. "Fundamental and MMA have shared a commitment to increasing the availability of capital for renewable energy, and we have succeeded in accomplishing our objective. Now, by combining Fundamental's financial strength and access to capital with our expertise, industry connections and an experienced deal origination

team, we are well positioned to go even further to meet the financing needs of renewable energy developers, owners and operators throughout the country."

As a result of today's announcement, the Company does not expect to host a conference call and webcast to discuss its financial results for the quarter ended March 31, 2021. The Company has previously filed its quarterly report on Form 10Q for the first quarter of 2021.

**Approvals and Timing**

The agreement has been approved by the Company's Board of Directors upon the unanimous recommendation of a Transaction Committee consisting of all disinterested directors.

The transaction, which is currently expected to close in the third quarter of 2021, is subject to customary closing conditions, including the approval of MMA's stockholders, who will vote on the transaction at a special meeting on a date to be announced. Closing of the transaction is also contingent on the simultaneous termination of the Company's external management agreement and the acquisition by Fundamental of certain platform assets from MMA's external manager pursuant to agreements that were executed concurrently with the Merger Agreement.

**Advisors**

TD Securities (USA) LLC is serving as exclusive financial advisor, and King & Spalding and Gallagher Evelius & Jones LLP are serving as legal advisors, to MMA. Houlihan Lokey is serving as financial advisor, and Sidley Austin LLP is serving as legal advisor to Fundamental.

21.     On July 13, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

22.     The Proxy fails to disclose the MMAC Projections.

23.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

24. The Proxy fails to disclose material information regarding the analyses performed by TD Securities (USA) LLC ("TD Securities"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25. Regarding TD Securities' Net Asset Value Analysis, the Proxy fails to disclose: (i) the financial projections used by TD Securities in the analysis; (ii) the inputs and assumptions underlying the discount rates; and (iii) the basis for applying the multiples range.

26. Regarding TD Securities' Precedent Transactions Multiples Analysis, the Proxy fails to disclose the individual multiples for the transactions.

27. Regarding TD Securities' Precedent Transaction Premiums Analysis, the Proxy fails to disclose the premiums paid in the transactions observed by TD Securities.

Background of the Proposed Merger

28. The Proxy Statement fails to disclose the timing and details of the prior services TD Securities performed for MMA, and the fees received by TD Securities in connection therewith.

29. The Proxy fails to disclose the terms of the non-disclosure agreements signed by MMA.

30. The omitted information would significantly alter the total mix of information available to MMA's stockholders.

## COUNT I

**Claim Against the Individual Defendants and MMA for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33. MMA is liable as the issuer of these statements.

34. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

35. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

38. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of MMA within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of MMA and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

47. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  July 28, 2021 **GRABAR LAW OFFICE**

By: *Joshua H. Grabar*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

9